IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Kristin H.,**[1] | : |
| | :     **Case No. 2:22-cv-03869** |
| **Plaintiff,** | : |
| | :     **Chief Judge Algenon L. Marbley** |
| v. | : |
| | :     **Magistrate Judge Peter B. Silvain, Jr.** |
| **COMMISSIONER OF** | : |
| **SOCIAL SECURITY,** | : |
| | : |
| **Defendant.** | |

**OPINION & ORDER**

This matter comes before the Court on the Magistrate Judge's January 11, 2024, **Report and Recommendation** (ECF No. 11), which recommended that Plaintiff's Statement of Errors (ECF No. 8) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. Plaintiff filed an Objection pursuant to Fed. R. Civ. P. 72(b), to this Report and Recommendation (ECF No. 12). This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the issues herein.

**I.   BACKGROUND**

Plaintiff, Kristin H., filed an application for Disability Insurance Benefits on December 30, 2019, alleging (after amendment) disability commencing June 10, 2013.  (ECF No. 8).  Plaintiff's application was denied initially and upon reconsideration, and she subsequently requested and received a phone hearing before Administrative Law Judge ("ALJ") Jeffrey Hartranft on September 14, 2021.  (ECF Nos. 8, 11).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials.  *See also* S.D. Ohio General Rule 22-01.

1

Following the required five-step sequential analysis,[2] the ALJ issued his decision on November 12, 2021, which concluded that Plaintiff was not disabled as defined by the Social Security Act. (ECF No. 11). At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity between June 10, 2013, and June 30, 2021. (*Id.*). At step two, the ALJ found that Plaintiff had the severe impairments of degenerative joint disease of left foot and ankle status-post triple arthrodesis, right foot and ankle degenerative joint disease status-post triple arthrodesis and bunionectomy, lumbar degenerative disc disease; rheumatoid arthritis/inflammatory polyarthritis, osteoarthritis of the knees, and obesity. (*Id.*). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). At step four, the ALJ found that Plaintiff's residual functional capacity ("RFC") consisted of

> sedentary work . . . except she could occasionally operate foot controls. She could occasionally climb ramps and stairs but could not climb ladders, ropes, or scaffolds. She would be capable of

---

[2] Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five step sequential steps are as follows:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medial severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 404.1520(a)(4).

>occasional stooping, kneeling, crouching, and crawling and would need to avoid workplace hazards, such as unprotected heights and machinery.

(*Id.*). The ALJ further found that Plaintiff was unable to perform any past relevant work. (*Id.*). At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (*Id.*).

Plaintiff appealed and the Appeals Council denied review on September 2, 2022. (ECF No. 8). Plaintiff sought federal judicial review of the Commissioner's decision on February 16, 2023, and argued in her Statement of Errors that "the ALJ reversibly erred in evaluating the medical source opinions and prior administrative medical findings." (*Id.*). Plaintiff specifically asserted that the ALJ erred when he concluded (1) that the opinions of Plaintiff's treating podiatrist were not supported by the record; (2) that those opinions were inconsistent with Plaintiff's work activity and reported physical activities; and (3) that the opinions of the state agency reviewing physicians were consistent with and supported by the evidence, including evidence submitted after they rendered their assessments. (*Id.*).

On January 11, 2024, Magistrate Judge Silvain issued a Report and Recommendation ("R&R") recommending that this Court overrule Plaintiff's Statement of Errors and affirm Commissioner's non-disability finding. (ECF No. 11). Plaintiff now objects to the Magistrate Judge's findings, insisting that "the ALJ's findings are not supported by substantial evidence and are in error as a matter of law." (ECF No. 12). Plaintiff specifically objects to the R&R in that it does not address: (1) Plaintiff's argument that the ALJ improperly conflated the consistency factor with the supportability factor in considering the opinions of the state agency reviewers; and (2) Plaintiff's argument that the state agency reviewers did not review "a critical body of medical

3

evidence." (*Id.*). The Magistrate Judge's R&R and Plaintiff's Objections are now ripe for this Court's review.

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

## III. LAW AND ANALYSIS

Plaintiff objects to the R&R in that it does not address (1) Plaintiff's argument that the ALJ improperly conflated the consistency factor with the supportability factor in considering the opinions of the state agency reviewers; and (2) Plaintiff's argument that the state agency reviewers did not review "a critical body of medical evidence." (ECF No. 12). This Court will address each objection in turn.

### A. Conflation of the Consistency Factor with the Supportability Factor

When an ALJ evaluates a medical opinion or prior administrative medical finding, he or she must weigh five factors: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with

4

[Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)–(5). The first two factors, supportability and consistency, are the most important and the ALJ must explain how they were considered. 20 C.F.R. § 404.1520c(b)(2). The supportability factor considers the relevancy of the evidence offered to support a medical opinion, and the consistency factor considers how consistent a medical opinion is with the evidence from other medical and nonmedical sources. 20 C.F.R. § 404.1520c(c)(1)–(2).

Plaintiff argues that the Magistrate Judge's R&R did not address the argument that the ALJ conflated these two factors in considering the prior administrative of the state agency reviewers, specifically arguing that the ALJ failed to adequately discuss the supportability factor. (ECF No. 12). Upon review of the R&R, this Court agrees with Plaintiff that the Magistrate Judge failed to address this argument. While the Magistrate Judge considered whether the ALJ's decision was supported by substantial evidence, the R&R does not include a discussion of whether the procedural requirements were met with regards to the state agency medical reviewers' prior administrative findings. (ECF No. 11). Turning now to the ALJ's decision, its brief discussion of the state agency reviewers' findings states:

> I find the State agency medical consultants' physical assessments less persuasive because the evidence supports greater overall exertional limitations than found by the consultants. The consultants failed to adequately consider the combined effect of the claimant's medical conditions, particularly as it pertains to bilateral foot and knee pain in addition to rheumatoid arthritis, although well controlled, which supports greater postural limitations in addition to reduced exertion (Exhibits 2A, 4A). The consultants' assessments support a finding of "not disabled," which is consistent with and

5

> supported by the evidence as a whole, including evidence submitted after the consultants rendered these assessments.

(ECF No. 7-2). The supportability factor is concerned with the relevancy of the evidence that was offered in support of a medical opinion. Here, the ALJ states that the state agency reviewers' findings were "less persuasive" because they "failed to adequately consider the combined effect of the claimant's medical conditions." In other words, the consultants' findings were "less persuasive" because the evidence offered in their support failed to include a relevant consideration. This satisfies the regulatory requirement for discussing the supportability factor, and for this reason Plaintiffs first objection is **OVERRULED**.

### B. State Agency Reviewers Did Not Review a "Critical Body of Medical Evidence"

"[W]hen an ALJ makes a finding of work-related limitations based on . . . an outdated source opinion that does not include consideration of a critical body of objective medical evidence," remand may be appropriate so the ALJ can fulfill their responsibility to develop a complete record. *Colaner v. Comm'r of Soc. Sec.*, No. 12-CV-00716, 2013 WL 5487037, at *3 (S.D. Ohio Sept. 30, 2013). "Where . . . an ALJ determines a plaintiff's RFC without a medical opinion based upon the entirety of the medical evidence of record, the Court cannot find substantial evidence exists to support the ALJ's determination." *Banks v. Comm'r of Soc. Sec.*, No. 3:19-CV-307, 2020 WL 5757173, at *4 (S.D. Ohio Sept. 28, 2020). An ALJ may, without the aid of a medical opinion, draw commonsense conclusions where the medical evidence is "clear" and "undisputed." *Mitsoff v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 693, 703 (S.D. Ohio 2013).

The Magistrate Judge, in his R&R, considered the ALJ's decision as a whole and concluded that the ALJ's findings were supported by substantial evidence. Upon review of the R&R and the ALJ's decision, this Court agrees with the Magistrate Judge's conclusion. The "critical body of medical evidence" that Plaintiff references includes a foot surgery and an x-ray, both of which

6

allegedly show the "deterioration of [Plaintiff's] foot." (ECF No. 12). While the state agency reviewers did not review this particular piece of evidence, the ALJ noted that his determination accounted for Plaintiff's inability to stand for work. (ECF No. 7-2). A great deal of evidence in the record supports the ALJ's determination that Plaintiff should be limited to sedentary work, and the evidence that came after the state agency reviews is consistent with that conclusion. In any case, the ALJ departed from the state agency reviewers' opinions in Plaintiff's favor, which, as the Magistrate Judge correctly noted, undermines Plaintiff's argument. *See Putman v. Comm'r of Soc. Sec.*, No. 2:20-CV-3895, 2021 WL 2700330, at *5 (S.D. Ohio July 1, 2021) ("An ALJ does not commit reversible error when discounting a medical opinion or an administrative finding because the ALJ determines that a claimant is more limited than opined."); *Mosed v. Comm'r of Soc. Sec.*, No. 2:14-CV-14357, 2016 WL 6211288 (E.D. Mich. Jan. 22, 2016), *report and recommendation adopted,* No. 14-CV-14357, 2016 WL 1084679 (E.D. Mich. Mar. 21, 2016) ("Plaintiff's argument that the ALJ erred in assessing a *more restrictive* RFC than that opined by the State agency consultants is curious and unavailing."). The evidence that was not reviewed by the state agency consultants does not rise to the level of a "critical body of evidence" and the ALJ properly fulfilled his responsibility adequately to develop the record prior to his decision. Plaintiff's second objection is **OVERRULED**.

For the aforementioned reasons, the Magistrate Judge did not err in affirming the ALJ's decision. Further, this court's independent review of the ALJ's findings and the record reveals that the ALJ's decision was supported by substantial evidence in the record.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

                                          **ALGENON L. MARBLEY**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 29, 2024**